IN THE UNITED STATES DISTRICT COURT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN ROBLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:14-CV-00165 |
| | § | |
| POLAR CORPORATION | § | |
| | § | |
| AND | § | |
| | § | |
| PSC CUSTOM, LP d/b/a | § | |
| POLAR SERVICE CENTERS, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, John Robles, Plaintiff in the above entitled and numbered cause, complaining of Polar Corporation as follows:

I.

PARTIES

1. Plaintiff John Robles, (herein after Plaintiff Robles) is an individual residing in the San Tan Valley, State of Arizona.

2. Defendant Polar Corporation (herein after referred to as "Defendant Polar"), is a Minnesota Corporation doing business in North Dakota; and fuirther said Defendant Polar is a nationwide corporation experienced and capable in the design, manufactuiring, fabrication of tank trailers and tank trailer parts, as well as, the installation of tank trailer parts, including, but not limited to, ladders that are manufacture and installed on tank trailers.

3. Defendant Polar can be served at its registered office address, at 12810 County Road 17, Holdingford, MN 56340, to the attention of Mr. Donald Stover.

4. Defendant PSC Custom LP (hereinafter Defendant PSC) is a Texas Limited Partnership and operates as a subsidery of Polar Corporation doing business as ( d/b/a) Polar Service Centers. At all relevant times hereto, Defendant PSC d/b/a Polar Service Centers was doing business in North Dakota and further said Defendant PSC d/b/a Polar Service Centers held itself out as company experienced and capable in the design, manufactuiring, fabrication of tank trailers and tank trailer parts, as well as, the installation of tank trailer parts, including, but not limited to, ladders that are manufacture and installed on tank trailers.

5. Polar Service Centers is an assumed named properly registered with the Minnesota Secretary of Sate and doing business in North Dakota as well as other states.

II.

VENUE AND JURISDICTION

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a sustantial part of the events or omissions giving rise to this claim occurred in this district. The incident in question occurred in Mercer County, North Dakota.

7. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff Robles and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

III.

FACTUAL BACKGROUND

8. At all times herrein, Defendant Polar was engaged in the business of designing, manufactuiring, fabricating of trailers and the frabrication and installation of trailer parts.

9. At all times herein, Plainitff Robles was employed by Warren Transport located at

4135 East Hazelwood Street, Phoenix, AZ 85018. Plaintiff Robles was employed as a as a truck driver, often hauling frac sand substances using tank trailers owned by Warren Transport.

10. In May of 2014, Warren Transport hired Defendant Polar to make several repairs to a 1991 Heil tank trailer, including but not limted to, the repair of the rear attached ladder use to access the top of the tank trailer.

11. That Defendant Polar completed the various repairs, including the ladder, on or before May 23, 2014. Defendant Polar replaced the tank trailer ladder, rather than repairing it. It is also beleived that Defendant Polar designed and manufacturd the replacement ladder.

12. On or about May 26, 2014, Plaintiff Robles, while employed by Warren Transport, was issued the above-referenced tank trailer for purposes of hauling frac sand. Plaintiff Robles was at DakotaTransload located at 300 Ball Park Street, Stanton, ND 58571 waiting to load the trailer when he climded up the above-referenced rear ladder of the tank trailer. When Plaintiff Robles stepped on the top rung of the ladder, the welds supporting the top rung of the ladder broke away, causing the top runk to completely separate from the ladder rails/supports. Plaintiff Robles fell onto the next rung of the ladder below and the weld supporting one side of that rung also broke away from the rails/supports. Plaintiff Robles was able to catch himself to prevent falling further down the ladder or to the ground.

13. Plaintiff suffered a severe blunt force trauma injury to his left leg and knee. Plaintiff Robles ultimately underwent surgery on his left knee to repair the damage caused by the fall and will require a knee replacement.

14. At all times mentioned in this Complaint, Defendant Polar so negligently and carelessly designed, manufactured, constructed, assembled, inspected, and sold the ladder that it was dangerous and unsafe for its intended uses.

15. As a direct and proximate result of the negligence and carelessness of Defendant Polar, as described above, Plaintiff Robles suffered severe and permanent injuries to his left knee.

## IV.

## CAUSES OF ACTION AGAINST DEFENDANT POLAR

### First Cause of Action:
### Strict Products Liability-Manufacture Defect

16. Plaintiff Robles repeats and incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

17. At all times mentioned in this Complaint, the ladder and its component parts were defective as to manufacturing in that the components and welds were defective and departed from its intended design and was in a dangerous and defective condition that made them unsafe for their intended use.

### Second Cause of Action:
### Strict Products Liability-Failure to warn

18. Plaintiff Robles repeats and incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

19. The subject ladder was defective when it left the control of Defendant Polar and/or Defendant PSC.

20. Defendant Polar and/or Defendant PSC knew or should have known of the substantial dangers involved in the reasonably foreseeable use of the subject ladder and its component parts whose defective design, manufacturing, inspection and lack of sufficient warnings caused it to have an unreasonably dangerous propensity for failure, thereby causing injury and potentially death.

21. Defendant Polar and/or Defendant PSC failed to adequately warn of the substantial dangers known or knowable at the time of the defective design, manufacture, and installation of the subject ladder and its component parts.

22. Defendant Polar and/or Defendant PSC failed to provide adequate warnings, instructions, guidelines or admonitions to their consumers and vulnerable members of the public, including Plaintiff Robles, of the design and manufacturing defects which Defendants Polar and/or Defendant PSC knew, or in the exercise of reasonable care, should have known existed in the subject ladder and its component parts.

23. Defendant Polar and/or Defendant PSC knew that these substantial dangers were not readily recognizable to an ordinary consumer and that consumers would purchase and use these products without inspection. At the time of subject incident, the subject ladder was being used in a manner intended by the Defendant Polar and/or Defendant PSC and in a manner reasonably foreseeable to Defendant Polar and/or Defendant PSC.

24. As a result of the Defendant Polar and/or Defendant PSC failure to warn, Plaintiff Robles suffered the physical injuries as described elsewhere in the Complaint and incorporated herein.

25. Plaintiff's damages as allowed by North Dakota statute were the legal and proximate result of the actions and inactions of the Defendant Polar and/or Defendant PSC who owed a duty to Plaintiff Robles when designing, manufacturing, selling, installing and warning about the subject ladder.

### THIRD CAUSE OF ACTION:
### BREACH OF EXPRESS AND IMPLIED WARRANTIES

26. Plaintiff Robles repeats and incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

27.     At all relevant times, prior to the subject incident the Defendant Polar and/or Defendant PSC represented that the subject ladder was safe for use, fit for purposes intended, and of merchantable quality.

28.     Specifically, the Defendant Polar and/or Defendant PSC impliedly warranted:

1).   The subject ladder was of a quality comparable to that generally acceptable in the industry;
2).   The subject ladder was adequately labeled; and
3).   The subject ladder was fit for the ordinary purpose for which ladders are used.

Those representations were false and Defendant Polar breached said warranties.

29.     As a direct and proximate result of these false representations and breach of warranties, Plaintiff Robles suffered the physical injuries as described elsewhere in the complaint and incorporated herein.

### Fourth Cause of Action: Negligence and Gross Negligence

30.     Plaintiff Robless repeat and incorporate by reference all other paragraphs of this complaint as if fully set forth herein.

31.     The ladder failure resulted from the negligence and gross negligence of Defendant Polar and/or Defendant PSC.  Defendants Polar and/or Defendant PSC owed a duty to Plaintiff Robles to: (1) ensure that Defendant Polar's and/or Defendant PSC's products and services were safe for their intended use, (2) provide Plaintiff Robles with a safe product for its intended use, (3) ensure that the ladder Defendant Polar and/or Defendant PSC designed, manufactured and installed was safe so that it was support the weight of a human being, and to ensure that the ladders designed, manufactured and installed did not fail under normal and expected use.

32.     Defendant Polar and/or Defendant PSC created a hazardous conditions by failing to properly design, manufacture and inspect it's products, specifcally the ladder that is the

subject of this litigation, as a safe and prudent owner and manufacturer would under the same or similar circumstances and as is customary in the industry.

33. Defendant Polar and/or Defendant PSC breached the duties owed to Plaintiff Robles by failing to provide him with a safe ladder. Specifically, Defendant Polar failed to properly design the replacement ladder, or repair the existing ladder; failed to manufacture the ladder; failed to inspect and test the ladder, including the welds so to assure that the ladder was fit for its intended use.

## DAMAGES

34. Plaintiff Robles repeats and incorporates by reference all other paragraphs of the Complaint as if fully set forth herein.

35. As a direct and proximate result of Defendant Polar's and/or Defendant PSC intentional, negligent, and grossly negligent acts and/or omissions described above, Plaintiff Robles suffered injuries and damages for which he seeks recovery in an amount that the jury determines to be fair and reasonable, including the following damages:

   a. <u>Past & Future Medical Expenses</u>: Plaintiff Robles incurred bodily injuries that were caused by the incident in question; and will, in reasonable probability, continue to incur reasonable and necessary medical expenses in the future.

   b. <u>Past & Future Physical Pain</u>: As a result of Defendant Polars' acts and omissions, Plaintiff Robles suffered physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future.

   c. <u>Past & Future Loss of Earning/Earning Capacity</u>: Plaintiff Robles suffered a loss of earning and/or sustained a loss of earning capacity in the past and will, in reasonable probability, sustain the same in the future.

  d. <u>Past & Future Physical Impairment</u>: Plaintiff Robles has sustained physical impairment in the past and will continue, in reasonable probability, to sustain physical impairment in the future.

  e. <u>Past & Future Disfigurement</u>: Plaintiff Robles has sustained disfigurement in the past and will, in reasonable probability, continue to sustain disfigurement in the future.

22. All conditions precedent to Plaintiff Robles' right to recover the relief sought herein have occurred or have been performed.

WHEREFORE, the Plaintiff Robles demands judgment against the Defendant Polar individually:

 A. Damages as allowed on each Cause of Action in an amount according to proof at the time of trial;

 B. All together with any interest, pre- and post-judgment, costs and disbursements; and

 C. Such other and further relief as this Court deems just and proper.

Dated this ___19th___ day of ___May___, 2015.

        Brent S. Schafer, Esq.,
        SCHAFER LAW FIRM, P.A.
        991 Sibley Memorial Highway, Suite 207
        Lilydale, Minnesota 55118
        Office (651) 209-1919
        Fax: (651) 454-8821
        e-mail: bschafer@schaferlawfirm.com

        By: _____
        Brent S. Schafer
        ND Bar ID#07213.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all issues triable to a jury.

Dated this 19th day of May, 2015.

                                  Brent S. Schafer, Esq.,
                                  SCHAFER LAW FIRM, P.A.
                                  991 Sibley Memorial Highway, Suite 207
                                  Lilydale, Minnesota 55118
                                  Office (651) 209-1919
                                  Fax: (651) 454-8821
                                  e-mail: bschafer@schaferlawfirm.com

By: _____
       Brent S. Schafer
       ND Bar ID#07213